IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD TRAVIS SELVEY, JR., )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>GARFIELD COUNTY JAIL, et al., )<br>)<br>　Defendant(s). ) | Case No. CIV-24-1133-JD |

## REPORT AND RECOMMENDATION

Plaintiff, a state pre-trial detainee appearing *pro se*, filed a Complaint alleging violation of his civil rights. (Doc. 1). He also filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP," without prepayment of fees or costs). (Doc. 2). United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Based on Plaintiff's failure to cure deficiencies in the Complaint and the IFP Application, or in the alternative to curing his IFP Application, to pay the filing fee, the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

On November 1, 2024, the Court identified the following deficiencies in Plaintiff's filings: both the Complaint and the IFP Application lacked Plaintiff's signature, and the IFP Application was missing required financial information and the signature of an authorized officer of the detention center. (Doc. 5, at 1). The Court ordered Plaintiff to cure these deficiencies on or before November 22, 2024. (*Id.* at 2). The Order warned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action."

1

(*Id.*)  To date, Plaintiff has not cured the Complaint or the IFP Application, nor has he paid the filing fee.

Pursuant to Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute."  *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted).  If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to cure the Complaint and the IFP Application, or to pay the initial filing fee, leaves the court unable "to achieve [an] orderly and expeditious" resolution of this action.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).  As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.  Thus, considering the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's Order (Doc.

5) warrants a recommendation that the Court **DISMISS** this action without prejudice to the re-filing.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 26, 2024**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter and terminates the referral.

IT IS SO ORDERED this 4th day of December, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE