IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD TRAVIS SELVEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-01133-JD |
| | ) |
| GARFIELD COUNTY JAIL, and | ) |
| LT FNU DEAN, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 6] of United States Magistrate Judge Amanda Maxfield Green, recommending that this action be dismissed without prejudice to refiling for Plaintiff's failure to comply with Judge Green's November 1, 2024, order [Doc. No. 5] requiring Plaintiff to cure deficiencies in his complaint [Doc. No. 1] and in his application to proceed *in forma pauperis* [Doc. No. 2].

Judge Green advised Plaintiff of his right to object to the Report and Recommendation by December 26, 2024. She warned Plaintiff that his failure to make a timely objection waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. *See* R. & R. at 3.

Plaintiff did not file an objection to the Report and Recommendation, and the record reflects that Plaintiff still has not cured the deficiencies in his complaint or in his application to proceed *in forma pauperis*. Therefore, Plaintiff has waived any objection to the Report and Recommendation recommending dismissal. *See Ayala v. United States*,

980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Additionally, although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1), the Court has conducted such a review and concludes that dismissal without prejudice is appropriate for Plaintiff's failure to prosecute and failure to comply with the Court's local rules and orders, including Judge Green's order to cure deficiencies.[1] *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853,

---

[1] The Court notes that the Report and Recommendation sent to Plaintiff's address of record was returned. *See* [Doc. No. 7]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [plaintiff] is acting pro se does not eliminate this burden."). Plaintiff also failed to comply with the local rule requiring him to update his address. *See* LCvR5.4.

855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

For all these reasons, the Court ACCEPTS the Report and Recommendation and DISMISSES this action WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE